**UNITED STATES of America, Plaintiff,**

**v.**

**Joseph Anthony PAGAN, John Pagan and Frank Leuci, individually and as Property Clerk of the Police Department of the City of New York, Defendants.**

United States District Court
S. D. New York.
June 7, 1955.

712

J. Edward Lumbard, U. S. Atty., for Southern District of New York, New York City, J. Donald McNamara, Asst. U. S. Atty., New York City, of counsel, for plaintiff, United States of America.

Peter Campbell Brown, Corporation Counsel, New York City, George P. Hennessy, Nathan B. Silverstein, New York City, of counsel, for defendant, Frank Leuci, etc.

CLANCY, District Judge.

### Findings of Fact

1. On September 12, 1946, $3,500 was lawfully taken at the time of his arrest by a New York City police officer from the defendant Joseph Pagan. On September 13, 1946, the police officer turned over said monies to the custody of the Property Clerk of the Police Department of the City of New York, pursuant to the provisions of § 435-4.0 of the Administrative Code of the City of New York.

2. On October 21, 1946, when the assessment list for the taxes included thereunder was received by the Collector, the plaintiff, United States of America, acquired a lien for $4,558.55 against all the property belonging to the defendant, Joseph Pagan.

3. It is stipulated and agreed by the United States Government and the Corporation Counsel of the City of New York, appearing for Thomas Rosetti, as Property Clerk of the Police Department of the City of New York, that Joseph Pagan obtained $1,000 of the $3,500 from unlawful sources, policy collecting, and the remaining $2,500 from lawful sources.

### Conclusions of Law

1. There was put in evidence by the defendant Property Clerk and admit-

ted by the Court in the expectation that it would be the subject of further evidence, an instrument acknowledged on September 19, 1946, by one Anthony Pagan, purporting to be a power of attorney to John Pagan, and including an assignment to John Pagan of the right, title and interest of Anthony Pagan in a sum of $3,500 in the custody of the Property Clerk. There is no evidence in the case of the date of the delivery of the instrument to John Pagan named as attorney in fact and as assignee nor was there any evidence that the Anthony Pagan who executed it was the defendant Joseph Anthony Pagan. It is therefore stricken from the evidence as irrelevant.

2. Judgment is awarded the plaintiff, United States of America, in the amount of $2,500.

■ It is the contention of the Government that its tax lien against Joseph Pagan entitles it to all of the $3,500 taken from Joseph Pagan at the time of his arrest by a New York City Policeman. Section 3670, Title 26 U.S.C.A., provides for "a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." The Government in this case has stipulated that $1,000 of the $3,500 taken from Pagan was obtained by unlawful means. Pagan, under the law of New York State, never did have and has not now any interest in or title to that thousand dollars. Hofferman v. Simmons, 290 N.Y. 449, 49 N.E.2d 523.

■ The Government's stipulation as to the unlawful source of the $1,000 overcomes any presumption of title from possession which would ordinarily operate with respect to currency. There is no reason on the facts of this case for this Court to determine to what extent the Government would be bound by § 435–4.0(f) of the Administrative Code of the City of New York which in effect places the burden of proving lawful source on a claimant. See U. S. v. Manufacturers Trust Company, 2 Cir., 198 F.2d 366. The Government has conceded the unlawful source of the $1,000.

This concludes the Government from claiming that it belongs to the taxpayer.

■■ On the other hand the City of New York has conceded the lawful source of the $2,500 and therefore, on the facts in this case, legal title would appear to be in the delinquent taxpayer. The Corporation Counsel's efforts to seek benefit from the doctrine of confusion of goods is without merit. That doctrine only applies when the quantity and value of each owner cannot be determined. The stipulation of City official and Government here obviates any such question.