UNITED STATES of America,
Plaintiff,

v.

Angelo ORTIZ and Thomas E. Rosetti, individually, and as Property Clerk of the Police Department of the City of New York, Defendants.

United States District Court
S. D. New York.
March 14, 1956.

Paul W. Williams, U. S. Atty., for Southern District of New York, New York City, Robert J. Ward, Asst. U. S. Atty., New York City, of counsel, for plaintiff.

Peter Campbell Brown, Corporation Counsel, New York City, George P. Hennessy, Nathan F. Silverstein, New York City, of counsel, for defendant Thomas E. Rosetti, etc.

CASHIN, District Judge.

This is an action by the plaintiff, United States of America, to foreclose a federal tax lien on money in the sum of $3,-580.89 held by the defendant, Thomas E. Rosetti, as Property Clerk of the New York City Police Department. The claim of the United States is based on unpaid marijuana transfer taxes due and owing by the defendant, Angelo Oritz.

### Findings of Fact

1. On December 8, 1949, $3,580.89 was lawfully taken by a New York City Police Officer from the defendant, Angelo Oritz, at the time of his arrest for selling narcotics. The Police Officer turned over said money to the custody of the Property Clerk of the Police Department of the City of New York pursuant to Section 435–4.0 of the Administrative Code of the City of New York. The defendant Ortiz is in default.

2. On May 1, 1950, the Collector of Internal Revenue for the Third District of New York received an assessment list containing an assessment of $185,002.50 plus interest and penalty, for marijuana transfer taxes against the defendant Ortiz. On that date the United States of America acquired a lien against all the

property belonging to the defendant Ortiz.

3. It was stipulated and agreed by the United States Government and the Corporation Counsel of the City of New York that the defendant Ortiz obtained $1,080.-89 from lawful sources and $2,500 from unlawful sources, that is, proceeds of the sale of narcotics in violation of Section 1751, Penal Law of the State of New York, McK.Consol.Laws, c. 40.

Conclusions of Law

I. Judgment is awarded to plaintiff, United States of America, in the amount of $1,080.89.

Plaintiff's counsel apparently concedes the soundness of the holding in U. S. v. Pagan, D.C.S.D.N.Y.1955, 140 F.Supp. 711, Judge Clancy, but has endeavored to distinguish its facts from those in this case.

The basis of the alleged distinction is that in the Pagan case the unlawful money held by the Property Clerk was the proceeds of gambling, while in this case the unlawful money was the proceeds of marijuana sales.

▇▇▇▇ We find no basis in law for the distinction. As a general rule property rights and ownership are determined by the laws of the State. Burnet v. Coronado Oil & Gas Co., 1930, 285 U.S. 393, 52 S.Ct. 443, 76 L.Ed. 815. Under the law of New York State a wrongdoer obtains no property interest in money so acquired. Hofferman v. Simmons, 1943, 290 N.Y. 449, 49 N.E.2d 523.

▇▇▇ Nor do we think that the fact that the tax involved here was on marijuana, the unlawful sale of which gave the defendant Ortiz possession of the money, can be a basis of distinction. The Statute, Secs. 3670, 3671 Title 26 U.S.C.A. (1939 Internal Revenue Code) which creates the lien which the Government seeks to enforce here, is the same as in the Pagan case. In accordance with that Statute the lien did not come into existence until the assessment list was received by the Collector. This was long after the defendant Ortiz had lost possession of the moneys.