**UNITED STATES of America,**

**v.**

**PAY-O-MATIC CORP., Goldstein & Sons, Etc.**

United States District Court
S. D. New York.
Jan. 1, 1958.

Paul W. Williams, U. S. Atty., S.D. N.Y., New York City, Nicholas Tsoucalas, Asst. U. S. Atty., New York City, of counsel, for the United States.

Samuel Goldstein, New York City, for defendant Goldstein & Sons.

RYAN, District Judge.

Plaintiff United States of America and defendant Samuel Goldstein have moved respectively for summary judgment under Rule 56, Fed.Rules Civ.Proc. 28 U.S.C.A.

Suit was filed to enforce collection of unpaid Government withholding tax liens against a fund of $4,350 held by the Comptroller of the City of New York arising from a condemnation award for trade fixtures formerly owned by the defaulting taxpayer Pay-O-Matic Corp. All the defendants have failed to appear or answer, save defendant Goldstein, an attorney who alleges a lien and claim to $1,294.32 of the fund for professional services rendered by him in securing the condemnation award.

It is undisputed that there is no genuine factual issue. The question presented is whether the Government lien is prior and superior to the lien of the defendant Goldstein. We hold that it is.

Chronologically we find the following facts not in dispute:

1. On August 5, 1955 The City of New York became vested with title to certain trade fixtures of Pay-O-Matic Corp. as part of a condemnation proceeding the City had commenced to which the Government was not a party.

2. On November 18, 1955, Goldstein was retained by written retainer to represent Pay-O-Matic Corp. in the condemnation suit and the retainer provided that it "agrees to pay and hereby assigns to said attorney twenty-five (25%) percent of any award and interest that may be made for trade fixtures contained in said property." A notice of lien for professional services was filed by Goldstein with the Comptroller of the city of New York on November 22, 1955.

3. On December 6, 1955 the notice of levy covering withholding taxes amounting to $16,046.17 for the last quarter of 1954, and the first, second and third quarters of 1955 was served upon Pay-O-Matic.

4. On December 12, 1955 a notice of Federal Tax Lien was filed in Register's Office of New York County for $11,629.44 covering the last quarter of 1954 and the first and second quarters of 1955.

5. On April 5, 1956 a Notice of Levy was filed with the Comptroller of the City of New York for $5,262.64 due for withholding taxes for all of 1955 from Pay-O-Matic to attach to any funds due Pay-O-Matic for the property taken by the City.

6. On June 27, 1956 an amended notice of Federal Tax lien was filed in the Register's Office and with the Comptroller for $11,882.43 for withholding taxes for all of 1955 and for unemployment taxes due for 1955 from taxpayer.

7. On August 22, 1956 a final decree was entered in the Supreme Court of the State of New York, County of New York in the condemnation proceeding awarding Pay-O-Matic a total of $4,569.28 as compensation for the property taken by the City.

8. Samuel Goldstein, the defendant, appeared for Pay-O-Matic as attorney and the amount of the lien for which he now seeks payment is fair and reasonable in amount.

Under Section 475 of the N. Y. Judiciary Law an attorney's lien is more than mere security; it is enforceable by remedy in the nature of foreclosure and may not be extinguished by action of the parties. Here Goldstein's lien arose at the commencement of the suit in condemnation and attached to the award finally made. Reisman v. Independence Realty Corp., 195 Misc. 260, 89 N.Y.S.2d 763, affirmed 277 App.Div. 1020, 100 N.Y.S. 2d 407; In re Cross Island Pkwy., Nassau County, 171 Misc. 652, 14 N.Y.S.2d 238. However, "the relative priority of the lien of the United States for unpaid taxes is, as we said in United States v. Waddill Co., 323 U.S. 353, 356, 357, 65 S.Ct. 304, 306, 89 L.Ed. 294; * * * always a federal question to be determined finally by the federal courts. The state's characterization of its liens, while good for all state purposes, does not necessarily bind this court." United States v. Acri, 348 U.S. 211, 213, 75 S.Ct. 239,

241, 99 L.Ed. 264. Whether attorney Goldstein's lien by state tests would be held to be choate, it is clear that under federal tests it is as compared to that of the Government inchoate. It was not established for the amount of the lien was contingent on the outcome of a trial in the state condemnation court to fix the amount of the award to be made to Pay-O-Matic for the property condemned. It was but a "caveat of a more perfect lien to come" (United States v. Scovil, 348 U.S. 218, 220, 75 S.Ct. 244, 246, 99 L.Ed. 271) and is therefore subordinate to the federal tax lien; United States v. City of New Britain, 347 U.S. 81, 84, 74 S.Ct. 367, 370, 98 L.Ed. 520.

Motion of the Government granted; defendant's motion denied; submit judgment accordingly but without costs against the defendant.