**UNITED STATES of America, Plaintiff,**
v.
**Frank LEUCI, as Property Clerk of the Police Department of The City of New York, Defendant.**
Civ. No. 14118.

United States District Court E. D. New York.
April 9, 1958.

Cornelius W. Wickersham, Jr., U.S. Atty., Eastern District of New York, Brooklyn, N. Y., Lawrence G. Nusbaum, Jr., Asst. U. S. Atty., Whitestone, N. Y., of counsel, for plaintiff.

Peter Campbell Brown, Corporation Counsel for City of New York, New York City, Nathan B. Silverstein, Asst. Corporation Counsel, New York City, for defendant.

BRUCHHAUSEN, District Judge.

The plaintiff brings this action against the defendant, as property clerk of the Police Department, to recover a sum of money, taken by a police officer from the possession of one, David Leigh. The plaintiff claims that the money was the property of Leigh and that it is entitled thereto by virtue of a tax lien against his property.

The principal defense is that this fund is gambling money and that gambling money does not belong to the gambler.

The Court makes the following findings of fact:

1. That David Leigh was the owner of a 1948 Cadillac Sedan, registered in his name.

2. That on October 10, 1952, police officers, incidental to the lawful arrest of David Leigh, took possession of the automobile and its contents and thereafter turned over the same to the defendant and that he has ever since retained possession thereof.

3. That on October 21, 1952, the plaintiff duly obtained a tax lien in the sum of $5,662.01 upon all property belonging to said David Leigh.

4. That at the time of such seizure the said automobile was unoccupied and locked and that Leigh was arrested immediately after he parked and left the vehicle.

5. That the police officers on searching the vehicle found a large white envelope, above the sun visor, containing three slips of paper, records of policy collections and the identity of the collectors and a small notebook, with five written pages of policy collections, due to collectors.

6. That in the locked trunk of the car were found thirty-nine articles of wearing apparel, tools, household furnishings and toilet articles, none of which are claimed to be gambling equipment, but that in addition thereto there were found seventeen articles of gambling equipment consisting of a cigar box with 318 dice, 33 decks of playing cards, card tables, card cloths, leather cup for shaking dice, a micrometer for measuring dice, calipers, magnets, magnifying glass, plastic numbers and several adding machines.

7. That in the same trunk was found a canvas bag, containing the sum of $3,718.46 in cash, which is the subject of this action.

8. That included in that sum was one hundred forty-one single dollars; four hundred and twenty-five, 25 cent coins; four hundred fifty-eight, 5 cent coins and thirty-six, 50 cent coins.

9. That at the time of his arrest, Leigh was unemployed.

10. That he was charged and found guilty of possessing policy slips and of hiring and allowing to be used a certain room, table, establishment and apparatus for the purpose of gambling.

11. That he had prior convictions, i. e. in 1937, possessing counterfeit money and in 1948, 1950 and 1951, policy offenses.

The issue is whether the said money belonged to or was the property of David Leigh. The defendant's contention is that it was gambling money and as such, under the law, did not belong to him.

It is not disputed that the assessment list against Leigh was received by the Collector and that 26 U.S.C.A. § 6322 provides that the lien arises at the time of such receipt. However, such lien may only attach to property "belonging to" Leigh, the delinquent taxpayer. 26 U.S.C.A. § 6321.

It is clear that the question of title to property is governed by State law, whereas the questions as to the circumstances under which a Federal tax lien is created and enforced is controlled by Federal statutes and their interpretation.

The sole support for the plaintiff's contention that Leigh was the owner of the money found in the bag is that he was in possession of it. This creates a presumption of ownership. In Norris v. Camp, 10 Cir., 144 F.2d 1, 3, the Court said:

"Proof of the possession of personal property is prima facie evidence of title. It raises a presumption of ownership which may be rebutted or overcome by evidence of ownership in another."

The defendant seeks to rebut such presumption by the claim that the money was produced by gambling and that a gambler may not acquire title thereto by committing such crime. Of course, if the defendant had established that the fund was taken in by Leigh through gambling, the contention should be sustained. In this connection, in the case of Hofferman v. Simmons, 290 N.Y. 449, 456, 457, 49 N.E.2d 523, 526, the Court said:

"The law affords a professional gambler no protection at all as to the monies he takes in. * * * This court has said that the professional gambler is an 'outlaw' * * * and that one who wagered with such a gambler 'never parted with the title to his money.' * * * 'No one shall be permitted * * * to acquire property by his own crime. * * * He cannot vest himself with title by crime.'"

There is no evidence that the subject money was received from bettors. The mere possession by Leigh of gambling equipment does not warrant such finding. Leigh was not apprehended while actual-

ly engaged in gambling operations. The gambling conviction of Leigh pertained to the hiring of a room to be used for gambling.

The plaintiff is entitled to judgment in the sum of $3,718.46.