**UNITED STATES of America**

**v.**

**Hyman Harvey KLEIN, Isidor J. Klein, Albert McLennan, George Norgan, Ellis Rosenberg, Maurice Haas, Irving A. Koerner, Morris O. Alprin and Albert Roer, Defendants.**

United States District Court
S. D. New York.

July 31, 1958.

See, also, 18 F.R.D. 439, 139 F.Supp. 135.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendant Klein, William R. Meagher, New York City, of counsel.

Paul W. Williams, U. S. Atty., for Southern Dist. of New York, New York City, for United States, William M. Tendy, New York City, of counsel.

SUGARMAN, District Judge.

Hyman Harvey Klein was indicted in this court in 1954 and on May 28, 1954 he posted $50,000 bail on the indictments.

Upon conviction Klein was sentenced to a term of imprisonment and a fine of $8,000 was imposed. Bail was fixed at $15,000 pending appeal. By order dated September 29, 1955, Judge Irving Kaufman directed that the Clerk apply out of the $50,000 fund the amount of $15,000 "as surety for the bail of the defendant." The balance of $35,000 was "discharged" but Judge Kaufman directed "that the Clerk of this Court shall not release said sum of $35,000 from his custody and control until further order of this Court."

Prior to Judge Kaufman's aforesaid order, the District Director of Internal Revenue had filed a notice of tax lien and a notice of levy with the Clerk, noting thereon that such lien and levy applied to the funds above mentioned.

Defendant Klein moves for an order directing that the Clerk shall pay out of the bail fund the fine of $8,000 and remit the balance of $42,000 to him.

The government opposes on the ground that the bail funds are not a proper source of payment of the fine because, it claims, the entire fund is subject to tax liens of the Internal Revenue Service.

There is a question whether funds in the Registry of the Court are subject to attachment, garnishment or liens such as the lien filed here by the United States.[1]

However, it has been held that even when bail funds are owned by a third party, a fine imposed by the court may be satisfied from the deposit.

"Annotation, 7 A.L.R. 389: 'In jurisdictions where, by statute, a deposit of money may be made in lieu of bail in criminal cases, the decisions are unanimous in holding that a fine imposed on the accused may be satisfied from the cash deposit; and this is true, although the money has been furnished by a third person.' Cyclopedia of Federal Procedure (2d Ed.) § 3973, also states categorically that, 'Accused

---

1. See 7 Moore's Fed.Prac., para. 67.06.

has the right to deposit in cash the amount of bail required, instead of giving a bail bond. Such cash bail is subject to payment of a fine.' " [2]

A fortiori, a fine may be ordered paid out of a defendant's own funds even though there may be a lien thereon.

■ The balance of $42,000, however, will be held by the Clerk in the Registry of the Court pending final disposition of the jeopardy assessment against Klein.[3]

Settle an order.

2. Rudd v. United States, 7 Cir., 1943, 138 F.2d 745.

3. The Lottawanna, 1874, 20 Wall. 201, 224, 225, 87 U.S. 201, 224, 225, 22 L.Ed. 259.