271 F.2d 450
 Richard A. SIMPSON, United States Marshal for the Eastern District of Virginia, C. W. Glotzbach, District Director of Internal Revenue, and United States of America, Appellants,
v.
John L. THOMAS and Earl J. Butler, Appellees.
 No. 7883.
 United States Court of Appeals Fourth Circuit.
 Argued October 14, 1959.
 Decided November 2, 1959.
 
 George F. Lynch, Attorney, Department of Justice, Washington, D. C. (Howard A. Heffron, Acting Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott and Joseph Kovner, Attorneys, Department of Justice, Washington, D. C., John M. Hollis, U. S. Atty., Norfolk, Va., and Joseph S. Bambacus, Asst. U. S. Atty., Richmond, Va., on brief), for appellants.
 R. R. Ryder, Richmond, Va., for appellees.
 Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.
 HAYNSWORTH, Circuit Judge.
 
 
 1
 Thomas and Butler seek the return to them of money taken from them, incident to a lawful arrest, to be held by the United States Marshal for safekeeping. Their position is that their funds, thus in the hands of the United States Marshal, could not be subjected to a federal tax lien and was immune from levy by the United States in aid of the collection of its taxes. The District Court found that the funds in the hands of the United States Marshal for safekeeping were immune from the lien and the levy. He ordered their return to the claimants. We disagree.
 
 
 2
 Thomas and Butler were arrested at different times for violations of the Internal Revenue laws. In each instance, the arrest was lawful. At the time of arrest, each was found to be in possession of a substantial amount of money, which was delivered to the United States Marshal for safekeeping during the incarceration of the owner. In each instance, a jeopardy assessment of taxes claimed to be due the United States on distilled spirits in the possession of the accused at the time of his arrest was regularly made. When Thomas and Butler, upon formal demand of payment of taxes claimed to be due, did not make payment, notices of the tax liens and the levy were regularly served upon the Marshal.
 
 
 3
 The Marshal responded to the demand of the District Director of Internal Revenue in the Thomas case by delivering over the money he held. In Butler's case, he still retains the money.
 
 
 4
 Thomas and Butler filed petitions, in the criminal proceedings pending against them, for an order directed to the District Director of Internal Revenue requiring him to show cause why the money should not be turned over to the petitioners. The order sought by the petitioners was signed and filed by the District Court. Thomas also filed a civil action against the District Director demanding the return of his money, while Butler filed a similar civil action against the Marshal. All of these cases were heard together. The District Court, being of the opinion that the moneys were in custodia legis and were not contraband, concluded that the claimants were entitled to be restored upon their release upon bond to all of the nonforfeitable property in their possession at the time of their arrest. He ordered the return to them of these moneys.
 
 
 5
 In reaching this conclusion, he was concerned that permitting summary collection of taxes claimed to be due in this manner could amount to an abuse of the criminal process.
 
 
 6
 Since the amount of the taxes claimed to be due from each man exceeded the amount of money held for him by the Marshal, we find no escape from the fact that the Marshal, who had notice of the lien and of the levy, could not lawfully return the money to the claimants without subjecting himself to personal liability to the United States. The tax lien, which arises under § 6321 of the Internal Revenue Code of 1954[1] is broad and inclusive. There are specific exemptions, but there is no exemption of the property of a federal prisoner whether it be held for him by a United States Marshal or by others.
 
 
 7
 When a tax lien attaches to property, the United States becomes in a sense a co-owner with the taxpayer of the property to the extent of the lien.[2] The taxpayer then ceases to have an unconditional right to obtain or retain possession of the property. The substantive rights of the United States and of the taxpayer are in no sense dependent upon the nature of the immediate custody of the property or the identity of the custodian. If it appeared that money in the possession of a marshal had been stolen, no good reason appears why the law should require its return to the thief upon his discharge from custody. Nor do we see any reason why the United States Marshal may not recognize the United States as the owner of an interest in property in his custody.
 
 
 8
 So far as we can find, it has been uniformly held that property held by a marshal, or other custodian, for safe-keeping is subject to an otherwise valid tax lien for taxes claimed to be due from a prisoner from whom the property was obtained.[3] This conclusion has been reached though the seizure of the property was, itself, illegal, so that its suppression for use as evidence was required.[4]
 
 
 9
 There is no evidence in this case that either arrest was prompted by a desire to enforce a civil liability for taxes. Whether, under dissimilar circumstances, a particular arrest and seizure might be thought to be an abuse of the criminal process, we need not consider, for, in these particular cases, there is no suggestion of an abuse of process.
 
 
 10
 If retention of possession of the property was necessary to an exercise of the Court's powers or jurisdiction, doubtless the Marshal would be required to retain possession of it pending an order of the Court. In that situation resistance to the levy might be warranted, but denial of the validity of the lien could not be justified. Here, however, the property was held solely for safekeeping until return to the prisoners upon their release upon bond or acquittal. It was not intended for use as evidence, nor was the Marshal's possession otherwise in aid of the Court's jurisdiction or its processes.
 
 
 11
 There are appropriate procedures by which the taxpayers here, if they dispute the claim that they owed taxes in the amounts collected, may contest them. These proceedings are not appropriate for that purpose. If the action of Thomas against the District Director may be regarded as one for a refund of taxes paid, it cannot be now maintained because he has never filed a claim for refund.
 
 
 12
 Under these circumstances, we conclude that the Marshal properly recognized the validity of the tax lien, of which he had notice, that he could not have then lawfully returned the money to Thomas and Butler, and that the Court's order that these moneys be returned to Thomas and Butler must be reversed.
 
 
 13
 Reversed.
 
 
 
 Notes:
 
 
 [1]
 26 U.S.C.A. § 6321
 
 
 [2]
 United States v. City of Greenville, 4 Cir., 118 F.2d 963
 
 
 [3]
 Field v. United States, 5 Cir., 263 F.2d 758; Welsh v. United States, 95 U.S. App.D.C. 93, 220 F.2d 200; United States v. City of New York, 2 Cir., 82 F.2d 242; United States v. Klein, D.C.S.D. N.Y., 163 F.Supp. 823; United States v. Leuci, D.C.E.D.N.Y., 160 F.Supp. 715; Weir v. Corbett, D.C.W.D.Wash., 158 F.Supp. 198; United States v. Pagan, D.C.S.D.N.Y., 140 F.Supp. 711; United States v. Ortiz, D.C.S.D.N.Y., 140 F.Supp. 355; United States v. Willmann, D.C.E.D. Mo., 63 F.Supp. 535
 
 
 [4]
 Field v. United States, 5 Cir., 263 F.2d 758; Welsh v. United States, 95 U.S.App. D.C. 93, 220 F.2d 200