908 F.2d 968
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Melvina WILLIAMS, Melody Williams, minors BY Mary S.
WILLIAMS, their mother, Mary S. Williams,
Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 89-6012.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 9, 1990.
Decided July 16, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, District Judge. (CA-89-1259-R)
 William H. Murphy, Jr., Baltimore, Md., for appellants.
 Breckinridge L. Willcox, United States Attorney, Donna H. Triptow, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, and K.K. HALL and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Mary Williams and her daughters, Melvina Williams and Melody Williams, appeal the district court's dismissal of their motion for the return of property that was allegedly illegally seized from their residence. See Fed.R.Crim.Proc. 41(e). The lower court dismissed the motion for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons explained below, we affirm the dismissal.
 
 I.
 
 2
 In 1984, Melvin Williams, the husband of appellant Mary and father of appellants Melvina and Melody,[1] was investigated in a coordinated effort of the Criminal Investigation and Examination Divisions of the Internal Revenue Service, Baltimore District ("IRS"); the Drug Enforcement Administration ("DEA"); the Bureau of Alcohol, Tobacco and Firearms ("ATF"); and the Baltimore City Police Department ("BCPD").[2] The investigation revealed that Williams had been dealing in various types of illegal drugs, including cocaine and heroin, since 1967. On December 5, 1984, agents of the above-listed law enforcement agencies seized property from the Williamses' home pursuant to a judicially authorized search warrant. The warrant was issued to "Any Drug Enforcement Administration Special Agent or any duly authorized agent or member of the Baltimore Federal Drug Enforcement Task Force." Melvin Williams challenged the warrant during the prosecution of his case in 1985 in the Eastern District of Virginia for drug trafficking. The warrant was upheld by the district court and Williams was convicted. This court affirmed the conviction and specifically found the warrant lawful. United States v. Hawkins, 788 F.2d 200, 204 (4th Cir.), cert. denied, 479 U.S. 850 (1986).
 
 
 3
 In 1987, Williams filed a motion for the return of seized property in federal district court, District of Maryland, pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure. The motion requested the return of certain electronic counter-surveillance equipment seized during the 1984 search but not listed in the warrant. Judge Norman P. Ramsey ordered the equipment in controversy to be returned to Williams.
 
 
 4
 During the pendency of the motion to return the counter-surveillance equipment, Mary and Melvin Williams were actively litigating an assessed tax deficiency of $972,756.22 in the United States Tax Court. The IRS served notice of the deficiency in May 1987 and levied items seized during the 1984 search to satisfy that tax deficiency. The litigation in tax court is still pending.
 
 
 5
 On April 26, 1989, Mary, Melvina and Melody filed a Motion for Return of Seized Property under Rule 41(e) alleging that their property was illegally seized by the Task Force on December 5, 1984. This motion is the subject of this appeal.
 
 
 6
 In July 1989, Judge Ramsey denied the motion, finding, inter alia, that the seized property had been validly levied by the IRS to satisfy the tax deficiency, and that, because Mary Williams was a party in the tax court litigation, the district court was without jurisdiction to order its return. The court noted that the Internal Revenue Act provides for two exclusive procedures by which a taxpayer may challenge the legality of a tax or an assessment. First, a taxpayer may decline to pay and take the proper steps to have a determination by the tax court of his problem before collection and payment of the tax. See 26 U.S.C. Sec. 6213. Alternatively, a taxpayer may pay the disputed tax and, after exhausting the procedures on his claim for refund, may sue in the United States District Court to recover the taxes paid. See 26 U.S.C. Sec. 7422. Because the appellants in this case were attempting to recover the levied property by a third procedure not provided by the Internal Revenue Act, the district court found it did not have subject matter jurisdiction.
 
 
 7
 The court also denied a motion to reconsider, and Mary, Melvina, and Melody now appeal the trial court's order.
 
 II.
 
 8
 The appellants assert that the IRS illegally seized their property outside the scope of a valid search warrant for their home. Even though this court has earlier held that the warrant was supported by probable cause, see Hawkins, 788 F.2d at 201, this finding does not foreclose the appellants' claim in this case. The issue now before the court concerns the scope of the seizure and not the validity of the warrant itself. Specifically, appellants argue that the district court had jurisdiction to entertain their Rule 41(e) motion because the IRS was subject to the exclusionary rule under G.M. Leasing Corp. v. United States, 429 U.S. 338 (1977). In G.M. Leasing, the IRS forcibly entered a taxpayer's business without a warrant, conducted a search, and seized property to satisfy jeopardy tax assessments. The agents also seized certain automobiles parked on public streets, parking lots, and other open places. The Supreme Court held that the seizure of the automobiles "did not involve any invasion of privacy" and was therefore proper. Id. at 351-52. The Court, however, also held that the IRS was subject to fourth amendment requirements and could not enter a home or office and seize property without first obtaining a warrant. Id. at 358.
 
 
 9
 G.M. Leasing, however, is distinguishable from the present case in one crucial aspect. Although IRS agents were involved in the Task Force that conducted the search, the DEA, and not the IRS, actually seized the property and held it in its possession from 1984 until 1987. Therefore, the relevant point in time in which to examine the IRS's conduct is when it levied upon the property then in the possession of the DEA. The law has long been settled that
 
 
 10
 property held by a marshal, or other custodian, ... is subject to an otherwise valid tax lien for taxes claimed to be due ... though the [original] seizure of the property was, itself, illegal, so that its suppression for use as evidence was required.
 
 
 11
 Simpson v. Thomas, 271 F.2d 450, 452 (1959); see also Cancino v. United States, 451 F.2d 1028, 1032 (Ct.Cl.1971) (upholding tax lien levy upon money allegedly illegally seized by local police during defendant's arrest for drug offenses), cert. denied, 408 U.S. 925 (1972). If a search and seizure conducted by non-IRS agents was a mere pretext for the actual enforcement of civil liability for taxes, then G.M. Leasing might be applicable, but there is no doubt in the present case that the Williamses' home was searched as part of the criminal investigation of Melvin Williams.
 
 III.
 
 12
 Mary Williams also seeks the return of firearms that she allegedly owns that were seized but, according to her, have not been levied upon by the IRS. If we assume that the firearms are still in the possession of the DEA, the exclusive remedies in the Internal Revenue Act would not preclude the district court from exercising jurisdiction over this property. The record reveals, however, that this specific claim regarding the firearms was not properly preserved in the trial forum and is thus being raised for the first time now on appeal. See United States v. One 1971 Mercedes Benz, 542 F.2d 912, 914-15 (4th Cir.1976). ("Questions not raised and properly preserved in the trial forum will not be noticed on appeal, in the absence of exceptional circumstances.")
 
 
 13
 Nowhere in the Rule 41(e) motion did Mary contend that the firearms were still in the possession of the DEA. In her motion to reconsider the court's order granting the government's motion to dismiss, Mary did argue:
 
 
 14
 [T]he IRS did not levy on all the property seized at the Williams' home. As to that property, Plaintiffs' Fourth Amendment claim is unfettered by the Government's argument concerning the rights of the IRS.
 
 
 15
 The motion, however, further specified the children's computers and software as property that had not been levied.[3] The firearms were never mentioned. One sentence concerning other property in a motion to reconsider is not sufficient to preserve this issue as it applies to the firearms.
 
 IV.
 
 16
 The appellants' final argument on appeal is that the Internal Revenue Act's exclusive remedies do not apply to Melvina and Melody because they are not taxpayers affected by the IRS action against their parents. The Task Force, in 1984, seized two computers and one bracelet that the appellants now allege were owned by Melvina or Melody. This property was subsequently seized by the IRS in 1987. See supra note 3. They contend that the district court has jurisdiction over their claims under 26 U.S.C. Sec. 7426(a). Section 7426(a) provides:
 
 
 17
 (1) Wrongful levy--If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.
 
 
 18
 Melody and Melvina, however, never relied upon the provisions of section 7426(a) as the legal theory for their claims in either their Rule 41(e) motion or their motion to reconsider. Therefore, like their mother's claim regarding the firearms, this issue was not sufficiently raised before the district court for us to consider it now on appeal.
 
 V.
 
 19
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. In accordance with the above discussion, the district court's dismissal of the appellants' Rule 41(e) motion is
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 Because the appellants belong to the same family, each will be hereinafter referred to by her first name in order to avoid confusion
 
 
 [2]
 Agents from these law enforcement agencies constituted the Baltimore Federal Drug Enforcement Task Force (hereinafter "the Task Force")
 
 
 [3]
 The computers and software had, in fact, been seized by the IRS from the DEA on October 20, 1987