THE ATTORNEY-GENERAL *v.* THE NORTH-AMERICA LIFE INSURANCE COMPANY.

RAPHAEL J. MOSES, JR., Appellant.

In proceedings to wind up the affairs of an insolvent life insurance company M. was retained as attorney for certain policy-holders, and appeared on their behalf. A dividend to each of the clients of M. was declared; he, claiming a lien thereon for his services, moved that the receiver be required to pay such dividends to him. It did not appear that the appearance of M. was entered on the record, or that his clients were in any way made formal parties to the proceedings as prescribed by the Code of Civil Procedure (§ 1807), or that his services procured the dividends. The motion was denied unless M. should file with the receiver an authority to receive such dividends signed by his clients. *Held* no error; that if M. had a lien (as to which *quære*), it was not proper for the court to make an order practically enforcing it, without notice to or a hearing of his clients.

*It seems*, that the lien of M., if any, is not in gross on all the dividends for all his services, but a separate lien on each dividend for services rendered to the one entitled thereto.

(Submitted June 29, 1883 ; decided October 2, 1883.)

APPEAL from an order of the General Term of the Supreme Court, in the third judicial department, made February 20, 1883, which affirmed an order of Special Term, the nature of which, as well as the material facts, are stated in the opinion.

*Raphael J. Moses, Jr.*, for appellant. The policy-holders on the notice of appearance being filed and claim presented, became parties to the action or proceeding. (Code of Civil Procedure, § 1807.) The lien attaches to the proceeds of the report in their favor. (Code of Civil Procedure, § 66.) The power of the court to protect the attorney in his lien, especially after judgment, is declared to be settled by law. (*McBratney* v. *R. R. Co.*, 87 N. Y. 470 ; *Coughlin* v. *R. R. Co.*, 7 id. 449.)

*R. W. Peckham* for respondent. It is only by statute that an attorney has a right to receive payment of a judgment and give satisfaction, and that only within two years from the filing of the judgment-roll. (Code, § 1260.)

EARL, J. The North America Life Insurance Company became insolvent and a receiver of its assets was appointed in 1877, and he proceeded to wind up its affairs in due course of law. Mr. Moses was retained as attorney by about one hundred and fifty policy-holders, and he appeared in the proceedings on their behalf. A dividend to each of such policy-holders has been declared ; and he, claiming a lien upon the dividends for $669.08 for his professional services for all the policy-holders, made a motion at a Special Term of the Supreme Court for an order directing the receiver to pay such dividends to him. The motion was denied, unless he should file with the receiver an authority signed and acknowledged by the policy-holders respectively to pay such dividends to him. From the order of

the Special Term he appealed to the General Term, and from affirmance there to this court.

It does not appear how large the dividends are, nor that the appearance of Moses was entered upon the records of the court. And it does not appear what his professional services were, nor that they produced or procured the dividends, nor that his clients were in any way made formal parties to the proceedings under section 1807 of the Code. The assets were under the control of the Supreme Court, and were being administered by it for the benefit of all the parties interested therein. Under such circumstances it may be doubted whether under section 66 of the Code, or any rule of law, or the practice of the courts, he acquired any lien which he could enforce against the dividends. But whether he did or not, it certainly was not proper for the court to make an order practically enforcing the lien, without any notice to or hearing of his clients. That should be enforced in a litigation with his clients, by some form of proceeding in which they can have an opportunity to defend.

If he has a lien, it is not a lien in gross on all the dividends for all his services for all the policy-holders, but he must have a separate lien upon each dividend for the services rendered in respect to each policy; and it would seem to be proper practice for him to make a motion upon notice to each policy-holder to have paid to him, in satisfaction of his lien, so much of each dividend as would be sufficient for that purpose. If there should be any difficulty to serve the notices upon policy-holders living out of the State, the court could direct how the notices could be served. In this way a hearing could be given to his clients, and his rights, whatever they are, could be fully protected.

As attorney, he did not have any absolute right to have the dividends paid into his hands. The proceedings were in the Supreme Court, and the funds were under the control of that court, and when he asked for the order, it was at least in the discretion of that court to require, before it would make the order, that he should present formal evidence of his authority to

receive the dividends. We do not perceive that that discretion was abused, and its exercise is not reviewable here.

The appeal should, therefore, be dismissed, with costs against the appellant.

All concur, except ANDREWS, J., absent.

Appeal dismissed.