ALFRED EKELMAN, Respondent, *v.* GERARDO MARANO et al., Defendants, and G. MARANO REALTY COR-PORATION, Appellant.

(Argued April 19, 1929; decided May 28, 1929.)

*A. J. Oishei Hoschek* for appellant. The trial court committed reversible error in permitting the plaintiff to testify regarding his services, and the reasonable value thereof, in two actions in which he had merely interposed answers containing no counterclaims, and in accordance with section 475 of the Judiciary Law no lien arose in his favor. (*National Exhibition Co.* v. *Crane,* 167 N. Y. 505; *Fromme* v. *Union Surety Co.,* 39 Misc. Rep. 105; *Matter of Rowland,* 55 App. Div. 292; *Horn* v. *Horn,* 115 App. Div. 292; *Crossman* v. *Smith,* 116 App. Div. 791.)

*Walter P. Vining* for respondent.

LEHMAN, J. The plaintiff was employed by Maria Marano to represent her as attorney in two actions brought against her by her husband, Gerardo Marano, to divest her of all right, title and interest in two pieces of real property which stood in their joint name. Mrs. Marano signed the following written retainer:

" I HEREBY RETAIN Alfred Ekelman to determine my rights in certain lots known as lots 65 and 66, South Marlboro, Brooklyn, and in premises 6918 Fort Hamilton Avenue, Brooklyn, held jointly by me with my husband, Gerardo; and in the event that a cash settlement is procured I agree to pay him a reasonable counsel fee over and above any allowance by the court; and in the event that he cannot get a cash settlement I agree to give him one-third of my one-half when I get it.

" MARIA MARANO."

The plaintiff, as attorney, interposed answers in these two actions and served notices of trial. Then the plain-

tiff, as attorney, brought an action in behalf of Mrs. Marano aga nst her husband for an accounting of the rents, issues, and profits arising from one of the pieces of real property held in the joint names of husband and wife. In that action a receiver of the rents, issues and profits was appointed, but it does not appear that he ever received any moneys or property. When that action was called for trial, an attorney for the husband answered " Settled." Upon a search of the title to the two properties which had been held in the joint names of husband and wife, the plaintiff discovered that, while he was acting as attorney for the wife, she had joined with her husband in a transfer of the properties to the defendant G. Marano Realty Corporation. The defendant Gerardo Marano is a stockholder and director of the corporation. His wife, Maria Marano, has failed to pay any compensation to the plaintiff for his services as attorney and has removed from the State.

The plaintiff has brought this action, praying " that his lien by reason of the aforesaid services as attorney for the defendant Maria Marano be ascertained and foreclosed against the defendants and each of them." At the trial the court fixed the value of his services in the three actions at the sum of $1,000. Judgment in his favor was thereupon entered, adjudicating that the plaintiff has a lien against the real property transferred to the corporate defendant for the value of such services and for plaintiff's disbursements in the three actions in which plaintiff acted as the attorney for Maria Marano, and decreeing that the property, or such part thereof as shall be sufficient to discharge such lien, should be sold at public auction.

An attorney " who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosoever hands they may come; and the lien can not

be affected by any settlement between the parties before or after judgment or final order." (Judiciary Law [Cons. Laws, ch. 30], § 475.) In the two actions brought against the plaintiff's client by her husband, the plaintiff had no lien which could attach to any judgment or the proceeds thereof, for the answer contained no counterclaim. (*National Exhibition Co.* v. *Crane,* 167 N. Y. 505.) Attack in those actions was made upon the title of the wife. Even a judgment in her favor would give to the plaintiff's client no money or property which she did not possess before the attack was made and repulsed. The attorney's services would not bring into existence any fund, and for the services rendered in meeting the attack the attorney had no charging lien at common law and the statute has created no lien. (*Matter of Heinsheimer,* 214 N. Y. 361.) Any lien which the plaintiff may have would be confined to the value of his services in the action for an accounting of the rents. There is no evidence or finding as to the value of the plaintiff's separate services in that action.

Moreover, plaintiff's lien in that action could not attach to the premises transferred to the corporate defendant. The complaint in that action rested upon the claim that the wife was a tenant by the entirety. Even if the action had been terminated by judgment in the wife's favor, the decree could award to her only one-half of the rents, issues and profits received from the property. The parties to the action could at any time have joined in a conveyance of title to the property, and such a conveyance would not itself have defeated, or even affected, the wife's right to a decree for an accounting of the rent. No lien could attach to the property itself, for the property could never become the proceeds of a judgment. Here there was no decree in the wife's favor, and there is no evidence that, upon the settlement of the action, any property or money was paid to the wife. It does not appear that there is any fund now in existence upon which the plaintiff's lien would attach.

The plaintiff's lien as attorney, therefore, is confined to the wife's cause of action against her husband. The statute expressly declares that his lien cannot be affected by any settlement of the parties. The action has never been formally discontinued. The husband has not been discharged by a collusive or fraudulent settlement. (*Matter of Heinsheimer, supra.*) In such case the plaintiff may still proceed and enforce his lien upon the wife's cause of action. (*Hart* v. *Mayor, etc., of New York,* 69 Hun, 237; affd., 139 N. Y. 610.)

In this action the allegations of the complaint and the proof upon the trial are insufficient to permit the court to grant any relief. The judgment of the Appellate Division and that of the Special Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.