FANNIE GITLER and SAMUEL GITLER, Appellants, v. NATHAN GOLDSMITH and Others, Defendants, and MANHATTAN COFFEE & SUGAR CO., INC., ANTHONY MANZENSKI, and BROOKLYN & QUEENS TRANSIT CORPORATION, Respondents.— In an action brought by plaintiff Fannie Gitler to recover damages for personal injuries caused by the negligence of the defendants, and by her husband for expenses and loss of services, order setting aside verdict unless the plaintiffs consent to a reduction in the amount thereof unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

JOSEPH GOMES, Respondent, v. HENRY TRAUTH, JR., Appellant.— Order granting plaintiff a preference affirmed, with ten dollars costs and disbursements. No opinion. Appeal from order denying motion for reargument dismissed, without costs. Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ., concur.

JAMES S. GRAHAM, JENNIE S. GRAHAM, KATHERINE G. YOUNG, WILLIAM M. YOUNG, GRAHAM BEACH REALTY COMPANY, INC., Appellants, v. JAMES B. FISHER, NEWESTAR REALTY CORPORATION, VICELLA A. FISHER, HERMAN F. SMALTZ, Respondents; J. S. GRAHAM-FISHER HOLDING CORP., Defendant.— Order granting respondents' motion to stay all proceedings on the part of the plaintiffs for the collection of costs and allowances awarded, pending the determination of the accounting for which provision is made in the interlocutory judgment, at which time the question of setoff of such allowances against moneys found to be due to the defendants is to be determined, affirmed, with ten dollars costs and disbursements. The order properly maintains the *status quo* pending the determination of whether or not any moneys are found to be due to the defendants from the plaintiffs against which a setoff of the costs and allowances may be made. When that stage is reached the setoff must be subordinated to the attorney's lien if there be anything to which it may attach. (*Beecher* v. *Vogt Manufacturing Co.*, 227 N. Y. 468.) The costs and allowances belong to the plaintiffs. (*Matter of Howell*, 215 N. Y. 466; 11 Carmody's New York Practice, § 310.) Carswell, Johnston, Adel, Taylor and Close, JJ., concur.