MAX M. KRAUSS, Appellant, *v.* NEW ERA CAB CORPORATION and HARRY AARONSON, Assignee of NEW ERA CAB CORPORATION, Respondents.

First Department, April 19, 1940.

*Martin N. Whyman* of counsel [*Sigmund Moses*, attorney], for the appellant.

*Hyman W. Okun* of counsel [*James Rosenthal* with him on the brief], for the respondents.

COHN, J. Plaintiff's surety paid to defendant's former attorney costs awarded upon a dismissal of plaintiff's complaint after a trial and in a case where no counterclaim has been interposed. Defendant's substituted attorney has issued an execution to the sheriff of New York county against plaintiff predicated upon the judgment for these costs assessed against plaintiff, contending that defendant's former attorney had no right to the costs either by contract or by virtue of any charging lien. The appeal is from the order denying plaintiff's motion to vacate the execution and levy. The question involved is whether costs awarded to a defendant in the circumstances is subject to a charging lien of defendant's former attorney.

The law is well settled that costs awarded in an action are the property of the party and not of his attorney. (*Baumwald* v. *Two Star Laundry Service, Inc.*, 234 App. Div. 392; affd., 260 N. Y. 538;

*Matter of Howell,* 215 id. 466, 474; *Graham* v. *Fisher,* 251 App. Div. 859; *Earley* v. *Whitney,* 106 id. 399.) Though it is the rule that a charging lien attaches to a judgment obtained through an attorney's efforts (Judiciary Law, § 475; *Matter of Sebring,* 238 App. Div. 281, 286), in the absence of a counterclaim an attorney for a defendant cannot have a charging lien. ( *National Exhibition Co.* v. *Crane,* 167 N. Y. 505, 508; *Ekelman* v. *Marano,* 251 id. 173, 176; *Manusse* v. *Mattia,* 10 N. Y. Supp. [2d] 495 [not officially reported], opinion by CONWAY, J.) Hence, where, as here, a defendant obtains a judgment for costs upon a dismissal of plaintiff's complaint after a trial, in a case in which no counterclaim is interposed, no charging lien may attach to the costs; and the costs belong to the client, unless there be an express agreement to the contrary. The record in this case is barren of proof of any agreement that Resnick, defendant's former attorney, who, tentatively, has been paid these costs, has any right to retain them.

Accordingly, plaintiff is not entitled to an order vacating an execution on the judgment for costs upon a showing that the costs awarded defendant were paid to the former attorney after he had been discharged.

The order should be affirmed, with twenty dollars costs and disbursements.

MARTIN, P. J., TOWNLEY, DORE and CALLAHAN, JJ., concur.

Order unanimously affirmed, with twenty dollars costs and disbursements.