THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NEW YORK TRUST COMPANY, Petitioner, *v.* JAMES J. SEXTON and Others, Commissioners of the Board of Taxes and Assessments of the City of New York, Respondents.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NEW YORK TRUST COMPANY and SARAH ROTKOWITZ, Petitioners, *v.* WILLIAM STANLEY MILLER and Others, Commissioners of the Board of Taxes and Assessments of the City of New York, Respondents.

Supreme Court, Special Term, New York County, February 26, 1941.

*Bernard Levy,* for the petitioner Sarah Rotkowitz.

*Alexander L. Strouse,* for the New York Trust Company.

*William C. Chanler, Corporation Counsel,* for the respondents.

McLaughlin, J. The New York Trust Company, as mortgagee of premises 413–419 West Twenty-fourth street, Manhattan, during the taxable years 1933 and 1934, was collecting the rents under an assignment from the owner Sarah Rotkowitz. This assignment was complete and gave full control of the rents and taxes to the mortgagee, and the New York Trust Company as mortgagee brought certiorari proceedings to reduce the taxes for these years. It hired an attorney and agreed that he should have fifty per cent of any reduction. The attorney was successful and now there is a fund of $1,336.14 created by his work. The petitioner refuses to recognize the retainer and seeks to keep it all. The New York Trust Company is no longer interested in this fund, but undoubtedly it had the right to bring this proceeding. It was also proper for it to engage the services of an attorney upon a contingent basis. The latter has a lien upon that fund irrespective of who eventually may receive the refund. It matters not whether the owner or the mortgagee in possession became entitled to it, the attorney whose work created the fund has a lien upon it. (*Goodrich* v. *McDonald*, 112 N. Y. 157; *Attorney-General* v. *North-American Life Ins. Co.*, 93 id. 387.)

The position of the petitioner is, to say the least, untenable. In one breath she asserts that the mortgagee had no authority to bring the proceedings, and that therefore the attorney who did the work should not be paid out of the money to be refunded. She then says she will keep all the fund. This is a strange philosophy and one which will not receive the sanction of this court. She cannot obtain the benefits derived from an alleged unauthorized transaction without paying for it the sum agreed upon by the mortgagee. As was stated by the Court of Appeals: " They cannot be permitted to enjoy the fruits of the bargain without adopting all the instrumentalities employed by the agent in bringing it to a consummation." (*Elwell* v. *Chamberlin*, 31 N. Y. 611, at p. 619.)

The motion to pay the entire fund to the petitioner is denied. The lien of the attorney Alexander L. Strouse is held to be valid to the extent of fifty per cent of the amount of the fund, and the city collector is directed to make payments accordingly. Settle order.