Samuel W. Eager, J.
By this proceeding, brought apparently pursuant to provisions of section 475 of the Judiciary Law, the petitioners seek a determination fixing the amount of compensation and reimbursement payable to them for professional services and disbursements, and decreeing the same to be a lien upon real property of the respondent church. The petition, which is very inartistically drawn, refers to services in defending “ a proceeding brought against ” the church to have a certain mortgage declared to be a lien on real property of the church and to services in staying a proceeding to foreclose by advertisement the said mortgage. The petition avers that the petition in the first-mentioned proceeding was dismissed by the Court of Appeals and that the foreclosure proceeding was stayed. It appears from the decision of the Court of Appeals (Matter of Yancey v. New Chapel Baptist Church, 307 N. Y. 858) that the proceeding dismissed by that court was one to validate against the church and its property a mortgage previously given by an unincorporated association.
On the face of it, it does appear that the petitioners have a valid claim for legal services and disbursements, but, it is clear that, in order for this court to have jurisdiction to grant them relief in a proceeding such as this, it must appear that they have a charging lien against a ‘ ‘ verdict, report, determination, decision, judgment or final order ’ ’ or the proceeds thereof. If there is nothing to which the lien is properly attachable, then a proceeding under section 475 of the Judiciary Law, does not lie and the petitioners are to be relegated to a plenary action to recover for their services.
Now, there is no showing here that the respondent church recovered any money or property by any judgment or order. There was apparently a successful defense against the proceeding to validate a certain mortgage against property of the church, and the staying of a foreclosure of such mortgage against church property, but the petitioners did not thereby obtain any lien. The general rule is that the successful defense *353 of an action or proceeding by an attorney does not entitle Mm to a charging lien, that is, where there is no recovery or affirmative relief awarded to the defendant or respondent. (See Ekelman v. Marano, 251 N. Y. 173; Goldman v. Rafel Estates, 269 App. Div. 647; Krauss v. New Era Cab Corp., 259 App. Div. 341; Morey v. Schuster, 159 App. Div. 602; Matter of Eno, 112 Misc. 45.) The real property against which the petitioners seek a lien was not itself recovered or awarded to the respondent by the order dismissing the proceeding to validate the mortgage against such property, and the petitioners may not be given a lien against the same. (Cases supra.)
The petition herein and this proceeding is dismissed. No costs. Settle order on notice.