In the Matter of JOHN L. DESMOND, Respondent *v.* WALTER J. SOCHA, Appellant.

Third Department, December 22, 1971.

*Clayman, Mead & Gallo* (*Daniel D. Mead* of counsel), for appellant.

*Bouck & Holloway* (*Stephen M. Kiernan* of counsel), for respondent.

*Per Curiam.* This is an appeal from an order of the Supreme Court at Special Term and from the judgment entered thereon in Schenectady County, which amended and modified a prior order and judgment of that court and which fixed respondent's attorney's fee and granted him a lien on certain real property of appellant pursuant to section 475 of the Judiciary Law.

Respondent is an attorney. He successfully represented the appellant in a contest which started when the appellant applied to the Town Board of the Village of Glenville for a zoning permit to erect multiple family dwellings on his land and ended two years later when the Court of Appeals held the zoning ordinance unconstitutional as it affected appellant's property. (See *Socha* v. *Smith*, 33 A D 2d 835, affd. 26 N Y 2d 1005.)

Because the parties were unable to agree on a respondent's fee he brought this proceeding pursuant to section 475 of the Judiciary Law. Special Term has awarded him $19,705 for legal services and imposed a charging lien upon appellant's real property to secure that sum. The lien is upon the " determinations, decisions, orders and judgments rendered " and " the specific property benefitted thereby ".

An attorney may have a general or retaining lien on books or papers in his possession or a special or charging lien upon a cause of action and the proceeds of it. He has no other

lien. Charging liens are provided for by statute. (Judiciary Law, § 475.) The statute allows the attorney to exercise control over property which he does not possess and secure payment of his fee in the particular litigation by satisfying it from the fund created by his efforts. (*Matter of Heinsheimer,* 214 N. Y. 361.) It is justified because the attorney created the fund or proceeds out of which he is paid. Before there can be a charging lien, however, there must be something awarded by the judgment, to which the lien can attach. (*Kovarsky* v. *Brooklyn Union Gas Co.,* 170 Misc. 855, affd. 261 App. Div. 822; *Irish Free State* v. *Guranty Safe Deposit Co.,* 148 Misc. 256, affd. 242 App. Div. 612; *Matter of Herlihy,* 274 App. Div. 342, 346–347.) Where the attorneys' services do not create any proceeds but consist solely of defending a title or interest already held by the client, there is no lien on the realty. (*Ekelman* v. *Marano,* 251 N. Y. 173; *Morey* v. *Schuster,* 159 App. Div. 602, affd. 217 N. Y. 639, rearg. den. 217 N. Y. 700.)

Appellant's property did not become the " proceeds " of this litigation or of the resulting judgment. The cause of action involved the construction of the town zoning law, not the title or possession of real estate. Undoubtedly, respondent has enhanced the value of the realty by obtaining removal of an onerous zoning restriction, but that enhancement is not the subject of a lien. There was nothing recovered or created by the attorney's efforts to which the lien could attach. (*Matter of Albrecht,* 225 App. Div. 423, 426, affd. 253 N. Y. 537.)

Section 475 of the Judiciary Law authorizes relief in cases where the attorney has a lien. If there is no charging lien, the remedy does not lie and the attorney must bring a plenary action to determine and recover his fee. The court is without power to summarily determine the amount of the fee under the statute. (*Matter of Albrecht,* 132 Misc. 713, 718, affd. 225 App. Div. 423, affd. 253 N. Y. 537; *Matter of Snitow* v. *Jackson,* 4 Misc 2d 351 [EAGER, J.].)

The judgment and order should be reversed, on the law and the facts, and petition dismissed, without costs.

REYNOLDS, J. P., STALEY, JR., GREENBLOTT, COOKE and SIMONS, JJ., concur.

Judgment and order reversed, on the law and the facts, and petition dismissed, without costs.