OPINION OF THE COURT
Arthur D. Spatt, J.
This motion by plaintiff (1) for an order of attachment directing the Sheriff of Nassau County to levy, within his jurisdiction, upon such property in which the defendant has *1035 an interest and upon such debts owing to the defendant as will satisfy the amount of $7,000, which represents the plaintiff’s demand together with probable interest, costs and Sheriff’s fees and expenses, and (2) for discovery, pursuant to CPLR 6220, of Jerome Spies, Esq., the European-American Bank & Trust Company and the Chemical Bank, as to such funds and/or accounts in which the defendant has or may have had an interest, is determined as set forth below.
BACKGROUND
This is an action to recover damages in the sum of $6,440 arising out of a claim for real estate brokerage commissions. Plaintiff’s complaint alleges a written brokerage agreement with regard to the sale of Premises No. 7 Dawson Street, Huntington, New York; that a closing took place on April 11,1980 and that the sum of $6,440 is due to plaintiff as a result of said sale.
This motion was brought on by an order to show cause dated April 29,1980 which includes a temporary restraining order which reads as follows: "ordered that pending the hearing of this motion, the European-American Bank and Trust Company as depository of the escrow or trust account of Jerome Spies, Esq., 122 East Sunrise Highway, Merrick, New York, (account no. 013016738) as to checks numbered 9132 through 9136 inclusive drawn on said account; the Chemical Bank, as to the sum of $1,785.00 being the amount of the teller’s check issued by Chemical Bank on the 11th day of April, 1980, bearing no. 92335 payable to the order of the defendant and as to the sum of $445.19 drawn on the account maintained with Chemical Bank by Domino Productions, Ltd., and made payable to the order of the defendant; and to Jerome Spies, Esq., persons in possession of property in which the defendant has an interest or owing debts to the defendant, and the prospective garnishees herein, are hereby enjoined and restrained from transferring, paying out, or remitting any such funds or assets pending hearing of this motion; and further why an order should not be granted directing discovery pursuant to CPLR 6220 of Jerome Spies, Esq., the European-American Bank *1036 and Trust Company, and the Chemical Bank as to such funds and/or accounts in which the defendant has or may have had an interest.”
CONTENTIONS
Plaintiff contends that defendant is a foreign corporation not authorized to do business in New York State pursuant to article 13 of the Business Corporation Law. Pursuant to the terms of the contract of sale of the said premises, a $9,200 down payment was placed in the escrow account of defendant’s attorney, Jerome Spies, at the European-American Bank & Trust Company, 2085 Merrick Road, Merrick, New York. Plaintiff seeks an attachment against this escrow account; against a $1,000 deposit made by defendant to guarantee payment of New York State franchise taxes, which is with the Commonwealth Land Title Insurance Company; against an April 11,1980 teller’s check No. 92335 of Chemical Bank to the order of defendant in the sum of $1,785; against a check dated April 11, 1980, drawn on Chemical Bank by Domino Productions, Ltd. (the purchaser of the property) in the sum of $445.19; and against the funds of the defendant in the Chemical Bank located at 8243 Jericho Turnpike, Woodbury, New York.
Defendant’s attorney concedes that defendant is a New Jersey Corporation not doing business in this State within the meaning of article 13 of the Business Corporation Law.
Defendant further contends that the $9,200 deposit was disbursed on April 11,1980 (by escrow checks 9132 through 9136) except for the sum of $1,000 to be held as escrow for New York State franchise taxes and $500 as a legal fee to the law firm of Spies & Spies, which latter sum was withdrawn by check No. 9170 on the morning of April 19, 1980, prior to the service of the second temporary restraining order..
Defendant further states that Chemical had paid the $1,785 teller’s check No. 92335 prior to its being served with the April 15, 1980 temporary restraining order.
Defendant opposes this motion upon the grounds (1) that at the time the first order to show cause containing a *1037 temporary restraining order was served on attorney, Jerome Spies, on April 15, 1980, “no debt was owed by your affiant or Spies & Spies to ‘Applied’, nor was your affiant or Spies & Spies in possession or custody of any property in which the defendant ‘Applied’ had any interest whatsoever”, (2) that at the time the second order to show cause containing a temporary restraining order was served on Jerome Spies, Esq., on April 29, 1980, the same situation existed, (3) that plaintiff has failed to furnish an undertaking mandated by CPLR 6212 (subd [b]), (4) that plaintiff’s affidavits fail to set forth any grounds for attachment pursuant to CPLR 6212 (subd [a]), (5) that the $9,200 deposited in the Jerome Spies, Esq., escrow account concerns privileged matters, (6) that the prior jurisdictionally defective motion cannot be cured by amendment, and (7) any discovery should be limited to the aforesaid $9,200 deposit and not as to other moneys in the Spies’ escrow account.
PRIOR ORDER OF THIS COURT
By an order of this court dated April 25, 1980, and a memorandum decision similarly dated (Young, J.) a prior similar motion was denied with leave to renew upon proper papers so as to include a statement that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff (CPLR 6212, subd [a]; BRC Elec. Corp. v Cripps, 67 AD2d 899). Such statement has been supplied on the instant renewed motion. This order also dissolved the temporary restraining order contained in the April 15, 1980 order to show cause.
AS TO THE ATTACHMENT QUESTIONS
There are two requirements for an order of attachment, the plaintiff (1) must be seeking a money judgment and (2) must satisfy one of the four numbered subdivisions of CPLR 6201. In this case, the plaintiff is seeking a money judgment and the defendant is a foreign corporation not qualified to do business in this State (CPLR 6201, subd 1).
The plaintiff must furnish an undertaking. That is mandatory on an attachment motion. (CPLR 6212, subd [b]; Siegel, New York Practice, p 378.) Since the plaintiff has *1038 furnished no undertaking, that portion of plaintiff’s motion seeking an order of attachment is defective and that portion of plaintiff’s motion must be denied, without prejudice to renewal upon the filing of an undertaking.
However, in order to guide the plaintiff’s attorney in his future pursuit of the remedy of attachment, this court will rule on some of the other objections and contentions interposed by the defendant, as follows:
(1) Defendant’s contention that the prior defective motion cannot be cured by amendment is misplaced. Defendant’s cases in support of this proposition are distinguishable. Both Montenegro v Roxas (141 NYS2d 681) and Brown v Chaminade Velours (176 Misc 238) concern motions to vacate existing warrants of attachment, which were issued under erroneous grounds in the respective complaints. The attempts to cure a defective existing attachment were deemed ineffective. In this case the first temporary restraining order contained in the order to show cause dated April 15, 1980 was dissolved with leave to renew upon proper papers, by the prior order of this court dated April 25, 1980. This is a new application and is not an attempt to cure an existing invalid attachment.
(2) As to the escrow deposit with Jerome Spies, Esq., in the sum of $1,000 with regard to certain franchise taxes, a resolution of whether such escrow sum is subject to attachment requires a review of the law as to what “property” may be attached.
The most common method of levying against personalty is by the Sheriff serving a copy of the order of attachment on the garnishee — the one who has possession of property belonging to the defendant or who owes a debt to the defendant. (CPLR 6214.) A “garnishee” is a person “who has property in his possession or custody in which a judgment debtor has an interest” (CPLR 105, subd [i]). In this case, Jerome Spies, Esq., is a “garnishee”.
CPLR article 62 does not specify what property may be attached. CPLR 6202 merely provides that whatever property can be applied to enforce a judgment under CPLR 5201 can be attached before judgment under article 62.
*1039 CPLR 5201 contains a broad general definition of the property which can be attached. The list of property excepted from application to a judgment is contained in CPLR 5205 and 5206, and is not expressly applicable to the escrow fund of $1,000. The recently added subdivision (g) to CPLR 5205 concerns security deposits with regard to a judgment debtor’s residence, and is also inapplicable.
When considering what property of the defendant may be levied on, a helpful rule of thumb is what is called for by Professor Siegel the “step into shoes” doctrine. The plaintiff can reach at least the interest that the defendant does have, i.e., stand in the defendant’s shoes. (Siegel, New York Practice, § 323.)
With regard to escrow funds such as the one involved herein, the test is, does the defendant have an interest in the fund; or stated otherwise is the money, or any part of it within the present or future control of the defendant.
In Matter of Valerio v College Point Sav. Bank (48 Misc 2d 91, 92) the usual escrow account held by the home mortgagee for taxes and insurance was held to be not subject to execution, on the basis of what were practical and “public policy” considerations: “For practical purposes, no reconveyancing of the property could properly be effected without providing for the disposition of the judgment lien. Until the obligation to the bank under the terms of the .bond and mortgage is paid, the judgment debtor has no assignable interest in the so-called escrow moneys paid to the bank. To hold otherwise would disrupt the entire purpose of installment payments for taxes and insurance for which provisions have been made in thousands of mortgage investments. The payment and allocation of these moneys was never intended for the use and benefit of a judgment creditor of the property owner. The judgment creditor does benefit to the extent of having tax obligations of the judgment debtor paid and insurance premiums paid from such moneys for the protection of the property of the judgment debtor.”
In Matter of Cohen v First Nat. City Bank (49 Misc 2d 141, 145) shares of stock held by a bank as collateral for a loan, were held to be subject to attachment as to “excess of the collateral over the balance due the bank”.
*1040 Even if the debtor’s interest in the “fund” is contingent, attachment is not precluded. In Hickey Co. v Port of N. Y. Auth. (23 AD2d 739, 740) the rule as to such a “contingent” interest was enunciated as follows: “In all likelihood the allowable claims will greatly exceed the amount withheld, necessitating a pro rata distribution, or other equitable distribution, of the entire fund, in accordance with the contract provision. The contractor does, however, have an interest, albeit a contingent one, in the withheld fund, and this interest will vest if any surplus remains after the payment of all just claims. In this connection it is accepted that the interest in the fund is not merely in a debt covered by CPLR 5201 (subd. [a]), in which event its contingency would bar a levy (6 Weinstein-Korn-Miller, par. 5201.07; see Herrmann & Grace v. City of New York, 130 App. Div. 531, 535, affd. 199 N.Y. 600). The fact that a judgment debtor’s residuary interest may not have vested does not preclude enforcement against such an interest (CPLR 5201, subd. [b]).”
Closer to this factual situation is Koroleski v Badler (32 AD2d 810), in which a judgment debtor, who made a bulk sale of his business, entered into an escrow agreement with the buyer with regard to the payment of the seller’s creditors. Held (p 811), that the seller “retained sufficient control over the fund in question to render the fund subject to execution”.
A review of the escrow agreement in this case reveals that the defendant retained sufficient control over the $1,000 escrow fund held by Mr. Spies. The letter agreement of April 11, 1980 reads as follows:
“The undersigned is writing this letter confirming his telephone conversation with your Mr. Joseph Intravaia this day, wherein he agrees to hold the sum of $1,000.00 in escrow in connection with Exceptions #11 and #12.
“The undersigned, as attorney for the seller, will undertake to remove these exceptions and forward to you proof of payment of Trues Drive franchise taxes for the periods April 30,1976 through April 30,1978, and a license to do business in this State for Applied Images, Inc.”
*1041 The thrust of the agreement is that Mr. Spies will be able to remove the “exceptions” to the title policy. Certainly, the defendant has an interest in any amount in excess of any sum required to satisfy such “exceptions”. Such contingent interest is subject to attachment.
(3) Attachment cannot lie with regard to those sums lawfully paid from the $9,200 escrow deposit at a time when such account was free from any temporary restraining order. Such lawfully expended moneys are no longer in the “possession or custody” of the garnishee. (See CPLR 105, subd [i]; 6202, 5201.) These sums apparently include the moneys represented by Spies’ escrow account checks numbered 9132 through 9136 and his $500 fee. Also apparently included in these expended sums is the $1,785 Chemical teller’s check and the $445.19 check by Domino Productions drawn on the Chemical Bank.
In any event, plaintiff shall have an opportunity to examine defendant and other witnesses with regard to verification of the above transactions as part of the disclosure hereinafter directed.
AS TO DISCLOSURE
With regard to disclosure of all information with regard to the defendant’s assets in contention here, this court shall direct that examinations before trial be conducted pursuant to CPLR 6220 and article 31. The subject matter of these examinations is restricted to the matters here in contention, namely (1) the $9,200 escrow deposit, (2) Spies’ escrow account checks Nos. 9132 through 9136, and any other Spies’ escrow checks relating to this transaction (excluding unrelated matters and transactions as to Spies’ escrow acccount), (3) the $1,000 escrow held for the payment of franchise taxes, (4) the $1,785 Chemical Bank teller’s check No. 92335 and (5) the Domino Productions, Ltd., check for $445.19. The witnesses may also be examined as to “any property in which the defendant has an interest, or any debts owing to the defendant”. (CPLR 6220.)
In this regard the witnesses who testify with regard to these matters are reminded that they must respond to all relevant and proper inquiries with regard to these matters *1042 and produce all relevant records with regard to such matters. (See Michelsen v Brush, 233 F Supp 868.)
Accordingly, the following party and witnesses shall appear for examination before trial on September 29,1980 at 9:30 a.m., at Supreme Court, Nassau County, Special Term, Part II, Room 05 (lower level). These examinations shall continue without interruption until completed. There shall be no adjournment of these examinations without the prior order of the court:
(1) Jerome Spies, Esq.
(2) Chemical Bank and Trust Co.
(3) European-American Bank & Trust Co.
The corporate witnesses shall appear by an employee or officer having personal knowledge of the facts herein.
(On reargument, October 15, 1980)
Motion by plaintiff for an order, pursuant to CPLR 2221, (1) granting reargument of a prior motion for an order of attachment and ancillary relief; (2) upon reargument granting plaintiff’s motion for an order of attachment, fixing the amount of the undertaking required to be posted by plaintiff; and (3) rescheduling the examinations before trial of Jerome Spies, Esq., European-American Bank and Trust Co. and Chemical Bank, is determined as set forth below.
A prior order of this court dated September 2, 1980, denied plaintiff’s motion for an order of attachment, solely upon the ground that the plaintiff had furnished no undertaking. This motion to reargue is predicated upon the fact that “the court overlooked the provisions of CPLR 6212(b) and failed to note the procedures and practice of the Clerk of the County of Nassau”. Plaintiff states that he had his client draw a certified check in the sum of $900 (15% of the amount demanded in plaintiff’s complaint) and submitted said check to the clerk of Special Term, Part II, as an undertaking. The check was not submitted on the prior motion, plaintiff asserts, because the court must fix the amount of the undertaking (CPLR 6212, subd [b]). Plaintiff further contends that “it became incumbent upon the Court to grant the motion and fix the amount of the undertaking”.
*1043 The plaintiff’s position is well founded. Accordingly, plaintiff’s motion to reargue its prior motion is granted. Upon such reargument, plaintiff’s motion for an order of attachment with regard to the sum of $1,000 now held in the escrow account of Jerome Spies, Esq., to guarantee payment of New York State franchise taxes, is granted, upon condition that plaintiff file with the clerk of the court, within 20 days of the date hereof, an undertaking in the sum of $1,000.
In addition, the .examinations before trial of Jerome Spies, Esq., Chemical Bank and Trust. Co. and European-American Bank and Trust Co., heretofore scheduled for September 29,1980, are directed to be held on November 6¿ 1980, at 9:30 a.m. at Supreme Court, Nassau County, Special Term, Part II, All of the other terms and conditions set forth by the court in the September 2,1980 order shall remain in full force and effect.
Plaintiff shall serve a copy of this order, by certified mail, return receipt requested, on Jerome Spies, Esq., Chemical Bank and Trust Co. and the European-American Bank and Trust Co. within 10 days of the date hereof.