■ Cavages, Inc., Appellant, v Robert Ketter, as President of the State University of New York at Buffalo, Respondent, and Michelle Smith, as President of the Student Association, State University of New York at Buffalo, Intervenor-Respondent. — Judgment unanimously affirmed, without costs. Memorandum: We affirm for the reasons stated in the decision at Trial Term. Additionally, the president of the State University of New York at Buffalo did not make an illegal gift of State funds by authorizing the use of space in the student union to an approved nonprofit student activity. The funds used to operate and maintain facilities on campus are funds held by the State for educational purposes and excepted from the general proscription against gifts of State funds (NY Const, art VII, § 8, subd 1). (Appeal from judgment of Supreme Court, Erie County, Johnson, J. — State Finance Law, § 125.) Present — Dillon, P. J., Callahan, Doerr, Denman and Schnepp, JJ.

■ Jean A. Wasus et al., Respondents, v Young Sun Oh et al., Appellants. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: The order of Special Term is overly broad in that the temporary injunction, in enjoining defendants from permitting the parking lot to be used between the hours of 10:00 p.m. and 7:00 a.m., is in derogation of the rights of leaseholders of the subject premises. Not having been made parties to the action, the franchise enjoyed by them by virtue of their tenancies may not be limited and the first and fourth decretal paragraphs of the order must be modified accordingly. In addition, the fifth decretal paragraph requiring defendants to notify and instruct the police authorities to ticket and tow away cars in the lot is deleted as an improvident exercise of discretion. While it was improper to grant the preliminary injunction without requiring that a suitable undertaking be provided (CPLR 6312, subd [b]) the absence thereof only renders the injunction voidable and an application may be made to Special Term to remedy this omission (*Olechna v Town of Smithtown*, 51 AD2d 1036). (Appeal from order of Supreme Court, Erie County, Ricotta, J. — temporary injunction.) Present — Dillon, P. J., Callahan, Doerr, Denman and Schnepp, JJ.