■ MURRAY KAPLAN, Appellant, v PORT TAXI, INC., Respondent, and JO ANNE MASONE, as Executrix of SAM MASONE, Deceased, Respondent-Appel-

lant. — In an action to determine ownership of certain tax refund checks, plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Pantano, J.), entered July 1, 1981, as, after a nonjury trial, dismissed his requests for fees for services rendered (Judiciary Law, § 475), and for expenses, costs and disbursements incurred in bringing the action, and defendant Masone cross-appeals, as limited by her brief, from so much of the same judgment as directed delivery of the checks to defendant Port Taxi, Inc., and dismissed plaintiff's claim for fees for services rendered. Judgment modified, on the law, by deleting from the second decretal paragraph the provisions dismissing so much of the complaint wherein plaintiff seeks a fee for his services to be paid out of the refund checks, and substituting a provision granting such relief. As so modified, judgment affirmed, with costs to plaintiff payable by defendant Port Taxi, Inc., and matter remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith. Plaintiff, an attorney, brought this action in interpleader against defendants to determine the ownership of certain checks received as refunds for tax payments made by defendant Port Taxi, Inc. Plaintiff also claimed a lien under section 475 of the Judiciary Law in an amount representing his compensation for services rendered in obtaining the refunds. Pursuant to a retainer agreement with defendant Masone, the amount of compensation plaintiff seeks is one third of the amount of the refunds. Initially, we note that Special Term was correct in holding that defendant Port Taxi, Inc., was entitled to the refund checks rather than Masone. It erred, however, in holding that because plaintiff's client (Masone) did not have a claim to the refund, plaintiff was not entitled to a lien on the proceeds which he obtained. It is well established that the *"sina [sic] qua non* for asserting a nonpossessory charging lien is the existence of proceeds created by the attorney's efforts"* (*Goldstein, Goldman, Kessler & Underberg v 4000 East Riv. Rd. Assoc.*, 64 AD2d 484, 487, affd 48 NY2d 890). Section 475 of the Judiciary Law provides that an attorney who appears for a party has a lien upon his client's cause of action which attaches to a final order in his client's favor, "and the proceeds thereof in whatever hands they may come". "An attorney whose services have created and produced a fund * * * is entitled to be compensated from such funds, regardless of whether the beneficiaries who receive the fund were the persons who retained the attorney" (*Matter of Brenner*, 203 NYS2d 182, 185; see, also, *People ex rel. New York Trust Co. v Sexton*, 176 Misc 761). Accordingly, although Masone did not ultimately receive the refund checks, they were obtained from the Internal Revenue Service on Masone's behest, through the efforts of plaintiff, and plaintiff is entitled to a lien upon said refund. However, since plaintiff did not have any retainer agreement with defendant Port Taxi, Inc., the matter must be remitted to the Supreme Court, Nassau County, to determine the amount of compensation due plaintiff. We have considered plaintiff's other arguments and find them to be without merit. O'Connor, J. P., Bracken, Niehoff and Boyers, JJ., concur.