OPINION OF THE COURT
Edward H. Lehner, J.
The novel issue raised by Tenzer, Greenblatt, Fallon & Kaplan on their motion to withdraw as counsel for defendants Peter Mackie and Elba Damast is whether movant possesses a charging lien when the only claim for affirmative relief asserted on behalf of their clients is a cross claim for indemnity.
Section 475 of the Judiciary Law, which codified the com *676 mon-law charging lien, provides in part: "From the commencement of an action, special or other proceeding in any court * * * or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client’s cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client’s favor, and the proceeds thereof in whatever hands they may come”.
It is clear under the statute that in order to establish a lien there must be asserted a claim which can eventuate in there being proceeds payable to, or assets recoverable by, the client as a result of the efforts of the attorney. Hence, merely defending against a claim, without seeking any affirmative recovery, does not enable the attorney to obtain the protection of the statute (Matter of Desmond v Socha, 38 AD2d 22 [3d Dept 1971], affd 31 NY2d 687 [1972]; Ekelman v Marano, 251 NY 173 [1929]; Theroux v Theroux, 145 AD2d 625 [2d Dept 1988]; Matter of Golden v Whittemore, 125 AD2d 942 [4th Dept 1986]; Matter of Rosenman & Colin v Richard, 850 F2d 57 [2d Cir 1988]; United States v J.H. W. & Gitlitz Deli & Bar, 499 F Supp 1010 [SD NY 1980]).
In light of the statutory language providing for a lien where a counterclaim is contained in an answer, in cases where an attorney represented a defendant it has been repeatedly stated that no charging lien exists absent the interposition of a counterclaim (e.g., Ekelman v Marano, supra; National Exhibition Co. v Crane, 167 NY 505 [1901]; Kraus v New Era Cab Corp., 259 App Div 341 [1st Dept 1940]; United States v Clinton, 260 F Supp 84, 90 [SD NY 1966]). However, none of these cases involved a situation where a cross claim existed. The issue thus presented is whether a cross claim should be treated similarly to a counterclaim insofar as determining the existence of a lien.
Initially it is noted that the section does not refer to a cross claim, which statutorily is defined as a claim against a codefendant, compared to a counterclaim which is a claim against the plaintiff or a plaintiff and others (CPLR 3019).
Although section 475 and its precursor have been law for over 100 years, no reported case has discussed this precise issue. In considering whether the assertion of a setoff (which is similar to a claim of indemnity in the sense that no fund will come into possession of the client if the claim is successful) can give rise to a charging lien, it was held long ago in *677 Pierson v Saffbrd (30 Hun 521 [1883]) that establishing a setoff to partially or wholly defeat a cause of action does not entitle the attorney to a lien.
In Beecher v Vogt Mfg. Co. (227 NY 468 [1920]), Judge Cardozo refused to allow judgment debtors to defeat a charging lien by purchasing a judgment against the attorneys’ client as an offset against the judgment obtained by the attorneys. However, such situation involved separate lawsuits. In so ruling Judge Cardozo stated that the attorneys’ labor in producing the judgment was "in reliance upon the assurance of the statute that the judgment, and the cause of action back of it, shall secure their pay” (supra, at 473; see also, Webb v Parker, 130 App Div 92 [1st Dept 1909]).
No similar contention can be made here as counsel’s prime goal was to defeat the plaintiffs’ claims against their clients, which, if successful, would result in there being no lien to secure the payment of fees. But, even if plaintiffs prevailed against movant’s clients, and the indemnity was also sustained, there still would not result any fund for the benefit of the clients. Hence, the court finds that no charging lien exists based on the mere assertion of the cross claim.
Accordingly, movant’s motion for a reference to determine the amount of its lien is denied. This is, of course, without prejudice to the institution of a plenary action by movant to recover the claimed fees.