In re David SCHICK, Venture Mortgage Corp., and A & D Trading Group, L.L.C., Debtors.

Aurora CASSIRER, Chapter 11 Trustee of the Estate of David Schick, Debtor, Plaintiff,

v.

INVEX, LTD., Defendant.

Bankruptcy Nos. 96 B 42902 (SMB), 96 B 43969 (SMB) and 96 B 46282 (SMB). Adversary No. 97/8289A.

United States Bankruptcy Court, S.D. New York.

Dec. 1, 1997.

Parker Chapin Flattau & Klimpl, LLP, New York City (Amos Alter, of counsel), for Plaintiff.

Leo Fox, New York City, for Defendant.

## MEMORANDUM DECISION REGARDING ATTORNEY'S CHARGING LIEN

STUART M. BERNSTEIN, Bankruptcy Judge.

The defendant's attorney, Leo Fox, Esq. ("Fox"), asserts a charging lien in attached funds held in a blocked account at Chase Manhattan Bank ("Chase"). Fox contends that (1) the original Order of Attachment is void, (2) his charging lien attaches to the "claim" to avoid it, and (3) primes any judgment lien the plaintiff may eventually acquire in the fund. For the reasons that follow, I conclude that Fox has no charging lien in the account.

### BACKGROUND

On April 2, 1997, the plaintiff commenced this adversary proceeding against the defendant, a foreign corporation, to recover $525,-000.00. The plaintiff simultaneously obtained an *ex parte* temporary restraining order on April 2, 1997, and after a hearing on notice, an Order of Attachment was entered on default on April 15, 1997. The Order of Attachment did not require the plaintiff to post an undertaking.

Pursuant to the Order of Attachment, the United States Marshal levied on approximately $42,000.00 on deposit at Chase. Fox subsequently appeared for the defendant, and entered into a stipulation on defendant's behalf which I "so ordered." The stipulation provided that the funds would be placed in a blocked account at Chase (in lieu of surrender to the Marshal) and could not be released except by order of the Court. The stipulation was without prejudice to the defendant's right to challenge the Order of Attachment or the levy.

On September 30, 1997, I rendered a decision from the bench granting the plaintiff's motion for summary judgment. The plaintiff settled a proposed judgment that awarded $525,000.00, plus interest, in her favor, and directed the release of the blocked funds. Contending that he had a charging lien in the funds, Fox, on the defendant's behalf, settled a proposed counter-order. It provided, in part, that $13,000.00 in the blocked account

would be withheld pending a determination by this Court of Fox's entitlement to the withheld funds.

Fox has not submitted any evidence of the terms of his retention or the balance due him. I assume for the sake of analysis that Fox is entitled to payment from the defendant for representing it in this adversary proceeding, and that the $13,000.00 represents the unpaid balance of his fee.

## DISCUSSION

■ The charging lien is a common law device "invented by the courts for the protection of attorneys against the knavery of their clients by disabling clients from receiving the fruits of recoveries without paying for the valuable services by which the recoveries were obtained." *Goodrich v. McDonald,* 112 N.Y. 157, 19 N.E. 649, 651 (1889); *accord LMWT Realty Corp. v. Davis Agency Inc.,* 85 N.Y.2d 462, 626 N.Y.S.2d 39, 43, 649 N.E.2d 1183, 1187 (1995); *In re Heinsheimer,* 214 N.Y. 361, 108 N.E. 636, 637 (1915). It gives the attorney an equitable ownership interest in the client's cause of action, *LMWT Realty Corp. v. Davis Agency Inc.,* 626 N.Y.S.2d at 42, 649 N.E.2d at 1186; *see In re Washington Square Slum Clearance,* 5 N.Y.2d 300, 184 N.Y.S.2d 585, 590–91, 157 N.E.2d 587, 590 (1959), *cert. denied,* 363 U.S. 841, 80 S.Ct. 1606, 4 L.Ed.2d 1726 (1960), and ensures that he can collect his fee from the fund he has created and obtained on behalf of his client. *Rosenman & Colin v. Richard,* 850 F.2d 57, 61 (2d Cir.1988); *see Gordon v. Shirley Duke Assocs. (In re Shirley Duke Assocs.),* 611 F.2d 15, 18 (2d Cir.1979).

■ The charging lien is presently codified in section 475 of New York's Judiciary Law which provides, in relevant part:

From the commencement of an action, special or other proceeding in any court ... the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client's fa-

vor, and the proceeds thereof in whatever hands they may come. . . .

N.Y. Jud. Law § 475 (McKinney 1983). The statute enlarges the common law charging lien to the extent that it now attaches to the cause of action even before judgment, but otherwise remains what it was at common law. *In re Heinsheimer,* 108 N.E. at 637; *see LMWT Realty Corp. v. Davis Agency Inc.,* 626 N.Y.S.2d at 42, 649 N.E.2d at 1186.

■ The prerequisites to the creation of a charging lien are well-settled; as a result of the attorney's efforts, (1) the client must assert a claim, (2) which can result in proceeds (3) payable to or for the benefit of the client. *United Orient Bank v. 450 West 31st Street Owners Corp.,* 155 Misc.2d 675, 589 N.Y.S.2d 390, 390 (N.Y.Sup.Ct.1992). Accordingly, a defendant's attorney cannot obtain a charging lien unless his client asserts a counterclaim.[1] *United States v. J.H.W. & Gitlitz Deli & Bar, Inc.,* 499 F.Supp. 1010, 1014 (S.D.N.Y.1980) (Weinfeld, J.); *United States v. Clinton,* 260 F.Supp. 84, 90 (S.D.N.Y.1966); *Ekelman v. Marano,* 251 N.Y. 173, 167 N.E. 211, 212 (1929) (Lehman, J.); *National Exhibition Co. v. Crane,* 167 N.Y. 505, 60 N.E. 768, 769 (1901); *United Orient Bank v. 450 West 31st Street Owners Corp.,* 589 N.Y.S.2d at 390–91. Thus, no lien arises in favor of an attorney who merely defends his client's interest in property it already owns. *Rosenman & Colin v. Richard,* 850 F.2d at 61; *Ekelman v. Marano,* 167 N.E. at 212; *Theroux v. Theroux,* 145 A.D.2d 625, 536 N.Y.S.2d 151, 153 (2d Dep't 1988); *Matter of Golden,* 125 A.D.2d 942, 510 N.Y.S.2d 340, 340 (4th Dep't 1986); *Desmond v. Socha,* 38 A.D.2d 22, 327 N.Y.S.2d 178, 180 (3d Dep't 1971), *aff'd,* 31 N.Y.2d 687, 337 N.Y.S.2d 261, 289 N.E.2d 181 (1972); *Snitow v. Jackson,* 4 Misc.2d 351, 158 N.Y.S.2d 304, 306 (N.Y.Sup.Ct.1956).

■ Even where the attorney's efforts create the fund, still more is required. Section 475 states that he must also obtain a "final order in his client's favor." As a result, he must recover the fund for the benefit of his client, *Rosenman & Colin v. Richard,* 850 F.2d at 61; *O'Keefe v. Landow,* 289 F.2d

1. For example, no lien attaches to costs awarded to the defendant where no counterclaim has been asserted. *Krauss v. New Era Cab Corp.,* 259 A.D. 341, 19 N.Y.S.2d 261, 262 (1st Dep't 1940).

465, 466 (2d Cir.1961); *La Rose v. Backer*, 17 A.D.2d 894, 233 N.Y.S.2d 689, 690 (3d Dep't 1962), *appeal denied*, 12 N.Y.2d 646, 238 N.Y.S.2d 1026, 188 N.E.2d 529 (1963); *cf. LMWT Realty Corp. v. Davis Agency Inc.*, 626 N.Y.S.2d at 43, 649 N.E.2d at 1187 (attorney's charging lien attaches to insurance proceeds recovered on behalf of client but subject to a statutory lien in excess of the recovery), and gets no lien in proceeds recovered by another party even if they were created through his efforts. *O'Keefe v. Landow*, 289 F.2d at 466; *In re Loomis*, 273 N.Y. 76, 6 N.E.2d 103, 105 (1937); *La Rose*, 233 N.Y.S.2d at 690; *contra Kaplan v. Port Taxi, Inc.*, 89 A.D.2d 577, 452 N.Y.S.2d 237 (2d Dep't 1982) (an attorney whose services create a fund obtains a charging lien even if the beneficiaries who receive the fund did not retain him).[2]

■■■ Fox's lien claim suffers from several deficiencies. First, his client never asserted a counterclaim. The claim to void the attachment is no different than defending the defendant's right in its existing property. The defendant owned the sequestered fund before the adversary proceeding was ever commenced, and still owns the fund. The Order of Attachment and levy interferes with the use and enjoyment of the fund, and voiding the attachment will merely give the defendant the same right to and use of the fund it enjoyed on day one. For this reason, the "claim" does not support a charging lien.

Second, even if the challenge to the attachment satisfied the claim assertion requirement, Fox's efforts will not result in proceeds payable to or for the benefit of his client. The linchpin of Fox's lien claim rests on his argument that the Order of Attachment is void because the Court did not require an undertaking, and consequently, his client can recover the sequestered fund. Since the failure to require an attachment bond does not render the attachment void, this argument must fail.

Article 62 of New York's Civil Practice Law and Rules ("C.P.L.R.") governs attachments in New York, and by virtue of Fed. R.Civ.P. 64,[3] made applicable to this adversary proceeding by Fed. R. Bankr.P. 7064, provides for the remedy of attachment in federal courts. C.P.L.R. 6212(b) provides, in pertinent part:

---

2. *Kaplan's* conclusion ignores the plain language of section 475, the cases decided by the New York Court of Appeals and other courts discussed in the accompanying text and the well-settled rule that the party who contracts for a lawyer's services cannot compel contribution from others for benefits they obtained as a result of those services. *Feick v. Fleener*, 653 F.2d 69, 77 (2d Cir.1981). *Kaplan* cites two cases in support of its holding—*In re Brenner's Trust*, 203 N.Y.S.2d 182 (N.Y.Sup.Ct.1960) and *People ex rel. New York Trust Co. v. Sexton*, 176 Misc. 761, 27 N.Y.S.2d 553 (N.Y.Sup.Ct.1941). While both cases do contain language that supports the *Kaplan* court's holding, *see In re Brenner's Trust*, 203 N.Y.S.2d at 185; *People ex rel. New York Trust Co. v. Sexton*, 27 N.Y.S.2d at 554, the statements do not represent New York law. *Brenner's Trust* relied on cases decided by the Fifth and Eighth Circuit Courts of Appeal, and did not discuss or even refer to section 475. *Sexton* cited two cases that do not support the proposition stated by *Sexton* and relied upon, for support, by the *Kaplan* court. The first case, *Goodrich v. McDonald*, 112 N.Y. 157, 19 N.E. 649 (1889), stands for the proposition that an attorney can assert his charging lien against funds that his client transfers to a third party unless he waives the lien. *Id.*, 19 N.E. at 653. The second case, *Attorney General v. North Am. Life Ins. Co.*, 93 N.Y. 387 (1883), holds that an attorney that represents several clients who successfully assert claims to a fund does not obtain a charging lien against the gross recovery, but rather, obtains a separate lien against each dividend for the services rendered for the corresponding client. *Id.* at 389.

3. Rule 64 states:

At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought, subject to the following qualifications:

(1) any existing statute of the United States governs to the extent to which it is applicable;

(2) the action in which any of the foregoing remedies is used shall be commenced and prosecuted or, if removed from a state court, shall be prosecuted after removal, pursuant to these rules.

The remedies thus available include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies, however designated and regardless of whether by state procedure the remedy is ancillary to an action or must be obtained by an independent action.

On a motion for an order of attachment, the plaintiff shall give an undertaking, in a total amount fixed by the court, but not less than five hundred dollars, a specified part thereof conditioned that the plaintiff shall pay to the defendant all costs and damages, including reasonable attorney's fees, which may be sustained by reason of the attachment if the defendant recovers judgment or if it is finally decided that the plaintiff was not entitled to an attachment of the defendant's property, and the balance conditioned that the plaintiff shall pay to the sheriff all of his allowable fees. . . .

Although the Rule speaks in mandatory terms, the granting of an order of attachment without requiring an undertaking renders the attachment voidable, not void. On a motion to vacate or modify an attachment, *see* C.P.L.R. 6223(a), the court may, in its discretion, grant the procuring party an opportunity to correct any defect. C.P.L.R. 6223(a) A defective undertaking is a curable defect, *see Alex v. Grande*, 29 A.D.2d 616, 285 N.Y.S.2d 909, 911–12 (3d Dep't 1967) (conditioning reversal of lower court's dismissal upon plaintiff's prompt cure of a defective undertaking given in support of an order of attachment), and the ability to remedy the defect indicates that it is not void *ab initio*.

The preliminary injunction cases, which are analogous and more numerous, provide further support. A party who procures a preliminary injunction must also post an undertaking. C.P.L.R. 6312(b).[4] The failure to do so leaves the preliminary injunction voidable, not void, and the enjoined party's sole remedy is to seek to compel the procuring party to file an undertaking. 7B Joseph M. McLaughlin, *Practice Commentaries to CPLR 6312*, C:6312:2, at 363 (McKinney 1980); *see, e.g., Cohn v. White Oak Coop. Housing Corp.*, 663 N.Y.S.2d 62, 62 (2d Dep't 1997); *National Telecommunications Ass'n, Ltd. v. Nat'l Communications Ass'n, Inc.*, 189 A.D.2d 573, 592 N.Y.S.2d 591, 591 (1st Dep't 1993); *Cool Insuring Agency, Inc. v. Rogers*, 125 A.D.2d 758, 509 N.Y.S.2d 180, 182 (3d Dep't 1986); *Litwa v. Litwa*, 89 A.D.2d 581, 452 N.Y.S.2d 241, 241 (2d Dep't 1982); *Wasus v. Young Sun Oh*, 86 A.D.2d 753, 447 N.Y.S.2d 545, 545 (4th Dep't 1982) (absence of undertaking only renders injunction voidable).[5]

*U.R.C., Inc. v. Applied Images, Inc.*, 106 Misc.2d 1034, 431 N.Y.S.2d 859 (N.Y.Sup.Ct. 1980), which Fox cites, does not support the contrary position. There, the court refused to issue an order of attachment because the plaintiff failed to post an undertaking. *Id.* 431 N.Y.S.2d at 861. The case did not consider the issue presented here—the validity of an order of attachment issued by a court that does not require an undertaking.[6]

Because the order of attachment is voidable, it is valid unless and until the defendant successfully challenges it. The defendant has not sought to vacate or modify the Order of Attachment, *see* C.P.L.R. 6223(a), although summary judgment was awarded to the plaintiff two months ago. In any event, if

---

4. C.P.L.R. 6312(b) provides, in pertinent part, as follows:

> Except as provided in section 2512, prior to the granting of a preliminary injunction, the plaintiff shall give an undertaking in an amount to be fixed by the court, that the plaintiff, if it is finally determined that he or she was not entitled to an injunction, will pay to the defendant all damages and costs which may be sustained by reason of the injunction. . . .

5. Fox contends that the preliminary injunction cases are not analogous. He maintains that while a preliminary injunction is granted on notice, an order of attachment is granted *ex parte*. It is unclear why this distinction makes a difference, but in any event, he misstates the law. Under current New York practice, the party seeking an Order of Attachment has two alternatives. He may seek an *ex parte* temporary restraining order against transfer of the funds to be attached and an order of attachment on notice. *See* C.P.L.R. 6210. Alternatively, he may seek an *ex parte* order of attachment, and then move on notice to confirm the order. *See* C.P.L.R. 6211. Here, the plaintiff proceeded under C.P.L.R. 6210. The Court signed an order to show cause containing an *ex parte* temporary restraining order. On the return date of the motion brought on by the order to show cause, and after notice to the defendant, the Court granted the Order of Attachment.

6. On reargument, the court granted the motion, and fixed the amount of the undertaking. *See U.R.C., Inc. v. Applied Images, Inc.*, 106 Misc.2d 1034, 444 N.Y.S.2d 336, 337 (N.Y.Sup.Ct.1980).

18

the defendant made the motion, it would, at most, be entitled to a curative order directing the plaintiff to file an undertaking.[7] Assuming the plaintiff complied, the Order of Attachment would not be voided and would remain valid. As a result, Fox's efforts would not create a fund, his client would recover nothing, and his lien, therefore, is "dry." Accordingly, the plaintiff is entitled to the turnover of the attached funds, and the Court will simultaneously execute and enter an appropriate judgment.

7. Since the plaintiff has already prevailed on the merits, there would be no reason to fix the undertaking in an amount above the $500.00 statutory minimum.